**Below is an Opinion of the Court.**

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re ) Case No. 305-31572-tmb7
)
LAUREL LEANNE BURKE, ) MEMORANDUM OPINION
)
Debtor. )

    This matter came before the court on the objections of the Trustee and Ford Motor Credit Company ("FMCC") to the Debtor's claim of exemption in funds held in a US Bank Checking Account. The Trustee Kenneth S. Eiler represented himself. FMCC was represented by Chelsea S. Lewandowski and the Debtor was represented by Kathryn E. Eaton.

    Following the hearing held on April 28, 2005, I took this matter under advisement. I have reviewed my notes, the exhibits, and the pleadings and other submissions in the file and considered applicable legal authorities. I have also considered carefully the oral testimony and arguments presented and have read counsel's submissions in detail. The following findings of fact and legal conclusions constitute the court's findings under Federal Rule of Civil Procedure 52(a), applicable in this proceeding under Federal Rule of Bankruptcy Procedure 9014.

Page 1 - MEMORANDUM OPINION

## FACTS

The facts in this case are undisputed. Prior to the bankruptcy filing the Debtor maintained a joint checking account at US Bank with her live-in boyfriend, John Thompson ("Thompson"). Both the Debtor and Thompson made deposits and withdrawals from the account for personal and household purposes. The Debtor received a 2004 federal tax refund on February 11, 2004, in the amount of $3,884.00. Of this sum, 67.04% was due to the Debtor's Earned Income Credit ("EIC").

A history of the activity in the Debtor's joint checking account between January 27, 2005, and March 7, 2005, reveals the following:

| Date | Activity | Amount | Balance |
| --- | --- | --- | --- |
| 1/27/05 | | | (263.66) |
| 1/28/05 | Deposit Thompson wages | 1,231.36 | |
| | ATM + fee | (103.50) | 864.20 |
| 1/31/05 | VISA purchase | (9.95) | |
| | ATM (Albertson's) | (60.00) | |
| | ATM | (100.00) | |
| | ATM (Albertson's) | (100.51) | |
| | ATM + fee | (103.50) | |
| | VISA purchase | (113.50) | |
| | Overdraft charge | (34.00) | 342.74 |
| 2/3/05 | Check 0294 | (55.00) | |
| | Check 0295 | (70.00) | 217.74 |
| 2/4/05 | ATM + fee | (103.50) | |
| | Check 0293 | (142.54) | (28.30) |
| 2/7/05 | Loan from Debtor's mom | 1,000.00 | |
| | ATM | (100.00) | |
| | ATM + fee | (103.50) | |

Page 2 - MEMORANDUM OPINION

| Date | Activity | Amount | Balance |
|---|---|---:|---:|
| | ATM + fee | (103.50) | |
| | Overdraft charge | (34.00) | 630.70 |
| 2/8/05 | ATM + fee | (103.50) | 527.20 |
| 2/9/05 | ATM/BiMart | (18.67) | 508.53 |
| 2/10/05 | Deposit Thompson wages | 965.54 | 1,474.07 |
| 2/11/05 | ATM (Fred Meyer) | (8.07) | |
| | ATM (Albertson's) | (200.00) | |
| | Check 0297 | (72.00) | |
| | Debtor's 2004 tax refund | 3,884.00 | 5,078.00 |
| 2/14/05 | Visa purchase | (12.00) | |
| | Visa purchase | (43.40) | |
| | ATM + fee | (103.50) | |
| | ATM (Albertson's) | (237.97) | |
| | Check 0296 | (200.00) | |
| | Check 0298 | (70.00) | |
| | Check 0299 (Rent and last month deposit) | (1,000.00) | 3,411.13 |
| 2/15/05 | ATM + fee | (103.50) | |
| | Bank fee | (5.00) | |
| | Visa purchase | (11.75) | |
| | Visa purchase | (72.12) | 3,218.76 |
| 2/16/05 | FMCC garnishment | (2,849.15) | |
| | Bank garnishment fee | (75.00) | |
| | ATM + fee | (63.50) | |
| | ATM + fee | (63.50) | |
| | Visa purchase | (159.99) | 7.62 |

Page 3 - MEMORANDUM OPINION

| Date | Activity | Amount | Balance |
|---|---|---:|---:|
| 2/17/05 | Bank fee | (1.50) | |
| | Overdraft charge | (34.00) | (27.88) |
| 2/18/05 | Deposit | 140.54 | 112.66 |
| 2/22/05 | ATM | (100.00) | 12.66 |
| Bankruptcy filed 2/22/05 | | | |
| 2/23/05 | OR Tax Refund | 742.00 | |
| | Check 0300 | (700.00) | 54.66 |
| 3/7/05 | ATM | (40.00) | |
| | ATM + fee | (43.50) | (28.84) |

US Bank, which had not yet forwarded the garnished funds to FMCC at the time of the bankruptcy filing, is holding the $2,849.15 pending instructions from the court as to their proper disbursement.

At the time of filing the Debtor claimed the following exemptions on her Schedule C:

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---:|---:|
| books, pictures | ORS 18.345(1)(a) | 600.00 | 100.00 |
| Checking account US Bank | ORS 18.348 | 2,604.00 | 2,604.00 |
| 2004 Tax Refund EIC | ORS 18.345(1)(n) | 100% | |
| clothing | ORS 18.345(1)(b) | 1,600.00 | 200.00 |
| furniture and household | ORS 18.345(1)(f) | 3,000.00 | 400.00 |
| jewelry | ORS 18.345(1)(b) | 200.00 | 150.00 |
| Oregon Dept of Revenue State tax refund | ORS 18.348 | 800.00 | 762.00 |
| US Bank 2004 Tax refund non-EIC | ORS 18.345(1)(o) | 400.00 | 320.00 |

Page 4 - MEMORANDUM OPINION

On March 23, 2005, the Trustee filed an Objection to Claimed Exemptions in which he objected the Debtor's claim of exemption in the funds held in the US Bank account relating to the EIC refund in the amount of $2,604.00, to the Oregon State tax refund in the amount of $762.00, and $320.00 non-EIC tax refund. In support of his objection the Trustee stated that "it appears that all of these funds were commingled with non exempt funds and with third party funds. The Debtor can claim an exemption in these assets of no more than $400.00."

On March 31, 2005, the Debtor filed a Request for Hearing on Trustee's Objection to Claimed Exemption. In her Request the Debtor asked that the objection be disallowed, arguing that the funds in the bank account included "$2,604.00 traceable to Earned Income Credit of the Debtor. The Debtor is entitled to a $400.00 exemption on the remaining amount." No mention was made as to the $762.00 Oregon income tax refund received by the Debtor post-petition.

On April 21, 2005, FMCC filed an Objection to Claimed Exemption in which it, like the Trustee, argued that the Debtor could exempt no more than $400 of the garnished funds because she had "commingled non-exempt funds with allegedly exempt funds."

## LEGAL ANALYSIS

Section 522(b) of the Bankruptcy Code allows a Debtor to exempt certain property from the bankruptcy estate. Exemptions may be based on state or federal law unless the applicable state law specifically prohibits use of the federal exemptions. Id. Oregon law provides that residents of this state shall not be entitled to claim the federal exemptions. ORS 18.300, see In re Godfrey, 102 B.R. 769, 771 (9th Cir. BAP 1989). Consequently, the Debtor's right to her claimed exemptions must be determined by Oregon State law. See In re Osworth, 234 B.R. 497, 498 (9th Cir. BAP 1999)

ORS 18.345(1)(n) allows a Debtor to exempt "[t]he debtor's right to receive an earned income tax credit under the federal tax laws and any moneys that are traceable to a payment of an earned income tax credit under the federal tax laws." (emphasis added)

The Debtor, relying on this statute, contends that a portion of the money subject to the garnishment

Page 5 - MEMORANDUM OPINION

consisted of her EIC and that she is, therefore, entitled to an exemption in those funds and an order directing US Bank to release the exempt funds to her. She concedes that the exempt portion of the tax refund has been commingled with other funds, but contends that the court can easily determine, using a first-in, first out tracing methodology, that all of the funds subject to the garnishment are traceable to her IRS refund. She further concedes that the initial IRS deposit consisted of both exempt and nonexempt funds, but argues that "when exempt and non-exempt funds are deposited the same day, a pro rata allocation should be used to apportion exempt from non-exempt funds." She argues $2,604.00 or 67.04 percent of the deposited funds consisted of exempt earned income credit. Consequently, she contends, she is entitled to claim an exemption in 67.04 percent of the funds remaining in the account on the day preceding the garnishment.

FMCC agrees with the Debtor's contention that the court should use the "first in, first out" accounting method and a pro rata allocation to determine the amount of the exemption to which the Debtor is entitled. It contends, however, that the amount of the exemption should be 67.04 percent of the garnished funds rather than 67.04 percent of the funds in the account on the day preceding the garnishment.

The Trustee disagrees with both the Debtor and FMCC. He contends that under Oregon law otherwise exempt funds remain exempt after deposit in a bank account only if those funds are "clearly identifiable." Thus, he contends, exempt funds lose their exempt status when commingled with other funds in a bank account.

The Trustee apparently bases his argument on the language of ORS 18.348. This statute provides:

> "**18.348 Certain funds exempt when deposited in account; limitations.** (1) All funds exempt from execution and other process under ORS 18.358, 18.385 (2) to (4), 238.445, 344.580, 348.863, 401.495, 407.595, 411.760, 412.115, 412.610, 413.130, 414.095, 655.530, 656.234, 657.855, and 748.207 and section 3101, title 38, United States Code and section 407, title 42, United States Code shall remain exempt when deposited in an account of a judgment debtor as long as the exempt funds are <u>identifiable</u>." (emphasis added)

The Trustee's reliance on this statute is misplaced. By its terms it applies only to specific enumerated statutes and does not apply to the statute under which the Debtor has claimed an exemption in her EIC refund. By contrast, the statute allowing an exemption for EIC does not require that the funds remain "identifiable" to be exempt. Rather, that statute allows a debtor to claim an exemption in an earned income

Page 6 - MEMORANDUM OPINION

tax credit "and any moneys that are traceable to a payment of an earned income tax credit under the federal tax laws." ORS 18.345(1)(n)

I believe that this distinction is important. The requirement that funds on deposit be "identifiable" to be exempt under ORS 18.238 may, arguably, require that Debtor establish that the funds at issue are exactly the <u>same funds</u> in which the Debtor could claim an exemption under one of the statutes enumerated in ORS 18.238, thereby making this exemption unavailable where exempt funds have been commingled with nonexempt funds. By contrast, the concept of "tracing" is used to segregate property that has been commingled with other property in such a manner that it has lost its identity. " 'The goal of "tracing" is not to trace anything at all in many cases, but rather [to] serve[ ] as an equitable substitute for the impossibility of specific identification.'" <u>United States v. Henshaw</u>, 388 F.3d 738, 741 (10th Cir. 2004) (citations omitted). Thus, under Oregon law, debtors may exempt money "traceable" to EIC despite the fact that it has been commingled with other funds, making it impossible to specifically identify the exempt funds.

There are several alternative methods of tracing, "none of which is optimal for all commingling case." <u>Henshaw</u> at 741. "Courts exercise case-specific judgment to select the method best suited to achieve a fair and equitable result on the facts before them." <u>Id</u>. Here the Debtor recommends use of the "first in, first out" method of tracing funds. FMCC agrees that this is a reasonable method to use to trace the funds at issue. The Trustee offered no opinion as to whether the use of the "first in, first out" method was appropriate nor did he suggest the use of any other method. Consequently, the court will use the first in, first out method to trace the Debtor's earned income credit. However, before doing so I must first address the issue raised by the fact that the Debtor's tax refund included both a regular tax refund, which is not exempt, and the EIC, which is exempt.

The Debtor suggests that, for tracing purposes, the court should allocate exempt and nonexempt funds on a percentage basis where both exempt and nonexempt funds were deposited into an account on the same day. This approach appears logical and reasonable and no party has put forth an alternative method of allocation. Consequently, should I determine that the funds subject to the garnishment are traceable to the

Page 7 - MEMORANDUM OPINION

Debtor's tax refund, I will use the percentage method to apportion the exempt from the nonexempt funds.

As shown by the facts above, at the time the tax refund was deposited into the Debtor's bank account on February 11, 2005, the balance in the account was $1,474.07. The tax refund totaling $3,884.00 would have raised the balance in the account to $5,308.07, but additional withdrawals on that date reduced the balance to $5,078.00. No additional deposits were made to the account between February 11, 2005, and February 16, 2005, the date of the garnishment. However, during that time the bank posted withdrawals of $1,859.24 against the account, leaving a balance of $3,213.76 in the account the day before the garnishment.

Under the first in, first out tracing method, the $1,474.07 balance in the account before the tax refund would have been the first moneys withdrawn to cover the withdrawals made between February 11 and February 16, 2005. Thereafter, the only funds remaining in the account are traceable to the tax refund deposit. Consequently, to the extent that the tax refund was exempt, the funds subject to the garnishment were also exempt.

FMCC's garnishment totaled $2,849.15, of which 67.04 percent is $1,910.07.[1] Consequently the Debtor is entitled to exempt that amount of the total funds held by the bank under ORS 18.345(1)(n). In addition, the Debtor is entitled to claim $400.00 as her pour over exemption under ORS 18.345(1)(o). However, since she had $12.66 in her checking account on the date of filing only $387.34 of the garnished funds would be entitled to an exemption under ORS 18.345(1)(o). Accordingly, the Debtor would be entitled to an exemption in the garnished funds in the amount of $2,297.41. The Trustee would be entitled to the remaining funds in the amount of $551.74.

However, the Debtor also claimed an exemption under ORS 18.348 for her Oregon tax refund in the amount of $762.00 received the day after the case was filed. However, none of the provisions of ORS

---

[1] The Debtor argues that she is entitled to exempt 67.04% of the funds in the account on the day preceding the garnishment. She is incorrect. The Debtor retained access to the balance of the funds in the account after the garnishment and, in fact, a portion of those funds were used to pay charges posted to the account on the date of the garnishment. Thus, the bulk of those funds had ceased to exist at the time of the filing and were no longer subject to the Debtor's claim of exemption.

Page 8 - MEMORANDUM OPINION

18.348 apply to the Oregon tax refund. Accordingly, the Debtor's claimed exemption as to that amount is disallowed. Because the Debtor's claim of exemption in the Oregon tax refund is denied, she has a duty under 11 U.S.C. § 542 to turn these funds over to the Trustee. Unfortunately, the Debtor spent those funds shortly after they were received and they are no longer available for turnover.

Given this fact, I find that the Trustee is entitled to offset the amount owed to him by the Debtor against the Debtor's EIC. See Latman v. Burdette, 366 F.3d 774, 786 (9th Cir. Wash. 2004) ("bankruptcy court may equitably surcharge a debtor's statutory exemptions when reasonably necessary both to protect the integrity of the bankruptcy process and to ensure that a debtor exempts an amount no greater than what is permitted by the exemption scheme of the Bankruptcy Code") and In re Ward, 210 B.R. 531, 537-38 (Bankr. E.D. Va. 1997) (trustee entitled to offset amount of nonexempt assets kept or spent post-petition against exempt funds he is holding).

Accordingly, of the $2,489.15 held by US Bank, $1,535.41 ($2,297.41 - $762.00) should be paid to the Debtor and $1,313.74 ($551.74 + $762.00) should be paid to the Trustee. Counsel for the Debtor should submit an order consistent with this memorandum within 10 days.

###

cc: Katherine E. Eaton
Kenneth S. Eiler
United States Trustee
Chelsea S. Lewandowski

Page 9 - MEMORANDUM OPINION